UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Luis Cabrera and Everett Cabrera,

                Plaintiffs

v.

Vicion Group, et al.,

                Defendants

Case No. 2:25-cv-01822-CDS-DJA

**Order Denying Plaintiffs' Motion for Entry of Default Judgment**

[ECF No. 8]

Plaintiffs Luis Cabrera and Everett Cabrera seek entry of a default judgment against Vicion Group, Vicion Power Inc., Vicion Power Real Estate Inc., Gabriel Garcia, and Gloria Sandoval. Mot., ECF No. 8. Because proper service has not yet been effectuated, the plaintiffs' motion is denied.[1]

Under the Federal Rules of Civil Procedure, plaintiff has the burden to establish that he properly and timely effectuated service of process upon a defendant. *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m)"). "Service of process" is the legal term describing a formal delivery of documents giving the defendant notice of a pending lawsuit. *R. Griggs Group Ltd. v. Filanto Spa*, 920 F. Supp. 1100, 1103 (D. Nev. 1996) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988)). "Service of process is the means by which a court asserts jurisdiction over the person." *Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 597 (D. Nev. 2015) (quoting *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007)). Once a defendant has been served with a summons and complaint, then their time to respond begins to run. However, if a defendant has not been served "there is

---

[1] Although the plaintiffs address the *Eitel v. McCool* factors, entry of default under Rule 55 is a two-step process. *See Eitel*, 782 F.2d 1470, 1471 (9th Cir. 1986) (noting that Rule 55 requires a two-step process). The first step, entry of default, is a ministerial matter performed by the clerk and is a prerequisite to a later default judgment. *See* Fed. R. Civ. P. 55(a). After default is properly entered, a party seeking relief other than a sum certain must apply to the court for a default judgment. Fed. R. Civ. P. 55(b).

no personal jurisdiction." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (citing *Beecher v. Wallace*, 381 F.2d 372 (9th Cir. 1967)).

The plaintiffs initiated this action on September 26, 2025. Compl., ECF No. 1. Under Rule 4(m), the plaintiffs had until December 26, 2025, to serve the defendants with the summons and complaint. *See* Fed. R. Civ. P. 4(m) (requiring service within 90 days after the complaint is filed). On December 29, 2025, the court issued a notice of intent to dismiss under Rule 4(m). Notice, ECF No. 7. That notice informed the plaintiffs that they had not filed proof of service for the defendants. *Id.* It further warned them that it would dismiss the action "unless proof of service is filed with the clerk by 01/28/2026." *Id.*

Because it appears that the plaintiffs have not yet met the requirements for serving the defendants, they are under no obligation to respond, and entry of default is improper. Therefore, the plaintiffs' motion is denied. Although the deadline to file proof of service has expired, I will give the plaintiff one last opportunity to comply. If the plaintiffs properly served the defendants, they must file proof of service by February 9, 2026. If they fail to do so, then this action will be dismissed without prejudice.

**II.     Conclusion**

IT IS THEREFORE ORDERED that the plaintiffs' motion for default judgment **[ECF No. 8] is DENIED**. The plaintiffs must file proof of service by February 9, 2026.[2] Failure to comply by that date will result in the dismissal of this action without prejudice and without further notice.

Dated: January 30, 2026

_____
Cristina D. Silva
United States District Judge

---

[2] Service on the party must have taken place prior to the expiration of the time limit set forth in Fed. R. Civ. P. 4(m), or good cause must be shown as to why such service was not made in that period.